**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas D. Stoica, | No. CV-19-05288-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| McDonnell Douglas Helicopter Company, et al., | |
| Defendants. | |

Pending before the Court are Defendant The Boeing Company's ("Boeing") Motion to Dismiss (Doc. 42) and Plaintiff Nicholas Stoica's "Motion Emergency" (Doc. 46), which is construed as a Motion to Strike. For the following reasons, Defendant's Motion is granted and Plaintiff's Motion is denied.

Also pending before the Court is Boeing's Motion for Clarification (Doc. 59). Boeing's questions are addressed below.

**BACKGROUND**

Plaintiff has filed a complaint against Boeing, as successor-in-interest to McDonnell Douglas Helicopters ("McDonnell Douglas"), for wrongful termination.[1] Plaintiff claims his employment with McDonnell Douglas was terminated on May 23, 1983 after the company learned he was taking "prescribed percoset and Valium." (Doc. 13 at 1.) Plaintiff

---

[1] While the Amended Complaint does not clearly articulate the asserted claims, the parties seem to agree that Plaintiff intended to assert a single cause of action for wrongful termination.

contends that other employees were taking similar drugs but "were allowed to work and were not terminated." *Id.* at 2. Plaintiff asserts that the actual reason for his termination was "due to 'Whistle Blowing.'" *Id.* Plaintiff explains he "made complaints to McDon[nell] Douglas, the Federal government and other legal entities about unworthy parts and aircraft" and was terminated after his last complaint. *Id.* Since leaving McDonnell Douglas, Plaintiff alleges that he has been unable to find work due to being "black-balled from the aeronautics industry" and that his physical and mental health has worsened due to losing his income and medical benefits, leading to his "complete disability" since 1992. *Id.* at 3. Plaintiff requests $37.6 million in damages for loss of income and pain and suffering.

**DISCUSSION**

**I.      Motion to Dismiss**

   **A.      Legal Standard**

A party may move to dismiss a complaint for "failure to state claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

   **B.      Statute of Limitations**

The statute of limitations in Arizona for a wrongful termination claim, including

wrongful termination in retaliation for whistleblowing, is one year. A.R.S. § 12-541(4)[2]; *see also Kennedy v. Honeywell Aerospace, Inc.*, No. CV-05-3613-PHX-FJM, 2006 WL 1599608, at *1 (D. Ariz. June 5, 2006) (dismissing alleged whistleblower's wrongful termination claim, filed "well after the one-year period," as barred by the statute of limitations) (citing A.R.S. §§ 12-541(4), 23-1501(3)(c)(ii)). A wrongful termination claim accrues when the plaintiff is terminated. *Dugay v. JPMorgan Chase*, No. CIV.06 1663 PHX RCB, 2006 WL 3792043, at *5 (D. Ariz. Dec. 20, 2006) (quoting *Int'l Union of Elec. Workers Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 234–35 (1976)).

Accepting Plaintiff's allegations as true, his wrongful termination claim began to accrue on May 23, 1983; therefore, Plaintiff had until May 23, 1984 to bring this claim. Accordingly, the statute of limitations for Plaintiff's wrongful termination claim expired over thirty years ago. Equitable tolling principles sometimes apply to extend the statute of limitations period. *See Santa Maria v. Pacific* Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) ("Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."). Plaintiff, however, has not made an equitable tolling argument and the Court sees none from the facts alleged.

In his Response, Plaintiff does not dispute these conclusions. He merely asserts that his amended complaint incorrectly stated his termination date as May 23, 1983 when it was in fact May 23, 1986. Plaintiff also confirms that he has previously brought suits concerning the same facts alleged here. This Court dismissed Plaintiff's first suit on these facts in 1995, *see Stoica v. McDonnell Douglas*, No. 2:95-cv-1123-PHX-EHC (D. Ariz. dismissed Dec. 22, 1995), and according to Plaintiff, the second action was dismissed without prejudice in 1999. Even assuming Plaintiff could amend his complaint in his

---

[2] The applicable statute of limitations is the one in effect when the suit is filed. *See* A.R.S. § 12-505(B) ("If an action is not barred by pre-existing law, the time fixed in an amendment of such law shall govern the limitation of the action"); *see also City of Tucson v. Clear Channel Outdoor, Inc*., 209 Ariz. 544, 105 P.3d 1163 (2005) ("The most reasonable reading of each of the provisions of § 12–505 is that each was meant to apply to suits filed after the effective date of a new statute of limitations and to specify what statute of limitations would now apply. As to claims filed before the effective date of the new statute, absent an express legislative statement to the contrary, the law in effect at the time of filing applies.").

Response,[3] these amendments do not save Plaintiff's claim from being time barred. The amended termination date does not place the current complaint anywhere near the one-year statute of limitations, and the previous suits on the same facts confirm this action is not based on newly discovered information potentially eligible for equitable tolling. Boeing's Motion to Dismiss is granted.

**II.   Motion to Strike**

In response to Plaintiff's Amended Complaint, Defendant The Industrial Commission of Arizona (the "ICA") filed a Motion to Dismiss for Failure to State a Claim. The Motion was stricken for failure to certify an attempt to confer with Plaintiff in accordance with LRCiv 12.1(c). The ICA subsequently filed an Answer to Plaintiff's Amended Complaint. Plaintiff now moves to strike ICA's Answer for failure to notify him of its response in accordance with LRCiv 12.1(c). Plaintiff's argument is misplaced, however, because LRCiv 12.1(c) does not apply to Answers; it applies only to motions to dismiss for failure to state a claim or motions for judgment on the pleadings. *See* LRCiv 12.1(c). Because Plaintiff has not raised a basis to strike ICA's Answer, Plaintiff's Motion is denied.

**III.   Motion for Clarification**

While Boeing's Motion to Dismiss was pending, Plaintiff filed a "Motion for Extension on Opening Brief", (Doc. 53), and an "Application for Entry of Default" against McDonnel Douglas, (Doc. 55). The Court granted Plaintiff's Motion for Extension and the Clerk of Court entered default as to McDonnell Douglas.

Boeing asks the Court to clarify how it interpreted "Opening Brief" as used in Plaintiff's Motion and why default was entered against McDonnel Douglas when Boeing timely appeared as its successor in interest. First, the entry of default was improperly entered due to a clerical error and will be vacated. With respect to Plaintiff's Motion for

---

[3] Plaintiff filed an amended complaint incorporating these amendments concurrently with his Response to Boeing's Motion to Dismiss. The second amended complaint was improperly filed without leave from the Court or consent from the opposing parties. *See* Fed. R. Civ. P. 15(a). However, as stated above, even assuming the amended complaint was properly filed, it fails to allege any facts that alter the Court's conclusion.

- 4 -

Extension on Opening Brief, the Court, without checking the docket, erroneously interpreted Plaintiff's Motion as a request for extension to Respond to this motion. Nevertheless, that conclusion was wrong as Plaintiff had already responded to this motion as of the time he had filed his request to extend. As no opening brief, is at present indicated in the proceedings, and as Defendant is being dismissed, the opening brief is stricken. Defendant Boeing need take no action with respect to it. Accordingly,

**IT IS HEREBY ORDERED** directing the Clerk of Court to vacate the Entry of Default (Doc. 57).

**IT IS FURTHER ORDERED** that Defendant Boeing's Motion to Dismiss (Doc. 42) is **GRANTED**. Defendant Boeing, successor-in-interest to McDonnell Douglas Helicopters is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion Emergency," construed as a Motion to Strike (Doc. 46), is **DENIED.**

**IT IS FURTHER ORDERED** granting Defendant Boeing's Motion for Clarification (Doc. 59).

**IT IS FURTHER ORDERED** directing the Clerk of Court to strike Plaintiff's Opening Brief (Doc. 60).

Dated this 30th day of June, 2020.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge