**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas D. Stoica,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>McDonnell Douglas Helicopter Company, et al.,<br><br>　　　　　Defendants. | No. CV-19-05288-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Industrial Commission of Arizona's ("Industrial Commission") Motion Pursuant to Rule 12(b) and Motion for Judgment on the Pleadings Pursuant to 12(c) (Doc. 71) and Plaintiff Nicholas D. Stoica's ("Stoica") Motion of Bad Faith (Doc. 77). For the following reasons, Industrial Commission's motion is granted and Stoica's motion is denied as moot.

## BACKGROUND

On October 28, 2019, Plaintiff filed an amended complaint that the Court construed as alleging wrongful termination against Industrial Commission, Boeing Company, and McDonell Douglas Helicopter Company. (Doc. 13.) Boeing Company and McDonell Douglas Helicopter Company have since been dismissed as defendants. (Doc. 64.) Industrial Commission now moves to dismiss Stoica's amended complaint for lack of subject matter jurisdiction, among other reasons. Stoica also brings a motion for bad faith, which appears to bring additional allegations against Industrial Commission. (Doc. 77.)

**DISCUSSION**

**I.      Legal Standard**

The Court may only reach the merits of a dispute if it has jurisdiction to do so. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998). Under the Federal Rules of Civil Procedure, a defendant may challenge a federal court's jurisdiction to hear the case at any time. Fed. R. Civ. P. 12(b)(1), 12(h)(3). A facial challenge asserts that the complaint, on its face, fails to allege facts that would invoke federal jurisdiction. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2003). Industrial Commission challenges Stoica's amended complaint on its face, arguing that Stoica fails to allege any facts that establish subject matter jurisdiction.

In resolving a motion under 12(b)(1), the Court is not limited to the allegations in the pleadings if the "jurisdictional issue is separable from the merits of the case." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The Court "may view evidence outside the record, and no presumptive truthfulness is due to the complaint's allegations that bear on the subject matter [jurisdiction] of the court." *Greene v. United States*, 207 F. Supp.2d 1113, 1119 (E.D. Cal. 2002) (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).

**II.     Analysis**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). Once a defendant asserts sovereign immunity pursuant to Rule 12(b)(1), "'the party asserting subject matter jurisdiction has the burden of proving its existence,' i.e. that immunity does not bar the suit." *Id.* (quoting *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013)).

"The Eleventh Amendment bars suits which seek either damages or injunctive relief

against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (quoting *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422–23 (9th Cir. 1991)). As Industrial Commission is "an agency of the state," *Indus. Comm'n v. Ariz. Power Co.*, 37 Ariz. 425, 439, 295 P. 305, 310 (1931), the Eleventh Amendment applies. Accordingly, the Court lacks subject matter jurisdiction unless one of three exceptions to Eleventh Amendment immunity applies.

In his response to Industrial Commission's motion to dismiss, Stoica does not address Industrial Commission's immunity argument. (Doc. 85.) Therefore, Stoica has not met his burden of establishing subject matter jurisdiction. Accordingly, Industrial Commission's motion to dismiss the claims alleged against it with prejudice is granted. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (upholding a district court's dismissal of an action with prejudice because "the bar of sovereign immunity is absolute").

## CONCLUSION

For the following reasons, Industrial Commission's motion to dismiss is granted and Stoica's motion for bad faith is denied as moot. Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Industrial Commission of Arizona's Motion Pursuant to Rule 12(b) and Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Doc. 71) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff Nicholas D. Stoica's Motion of Bad Faith by the Industrial Commission of Arizona (Doc. 77) is **DENIED** as **moot.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 27th day of January, 2021.

_____
G. Murray Snow
Chief United States District Judge